J-A06040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEAN COULTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MAHOOD, J., MCKINLEY, B., PRIDE, E., OGLESBY, D., WILDER & MAHOOD, WILDER MAHOOD MCKINLEY & OGLESBY, BEECH, M. BYRNES, M. AND UNKNOWN EMPLOYEE OF WILDER & MAHOOD - KNOWN ONLY AS KLL | |
| Appellees | No. 895 MDA 2015 |

Appeal from the Order Entered April 28, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No: 15-00481

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 16, 2016**

Appellant Jean Coulter ("Coulter") *pro se* appeals from the April 28, 2015 order entered in the Court of Common Pleas of Lycoming County ("trial court"), which granted the abovementioned Appellees' motion to dismiss Coulter's complaint under Pa.R.C.P. No. 233.1.[1] Upon review, we affirm.

---

[1] Rule 233.1, relating to frivolous litigation, provides in part:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

*(Footnote Continued Next Page)*

J-A06040-16

The extensive facts and procedural history underlying this case are undisputed. As we previously summarized in a related case:

> This matter stems from Coulter's 2007 plea of "no contest" and imprisonment for the crime of aggravated assault against her minor daughter in the Butler County Court of Common Pleas. Butler County Children and Youth Services became involved, and court proceedings related to the minor child were initiated. These resulted in the termination of Coulter's parental rights on January 12, 2011. When Coulter was not represented by counsel in the Butler County matters, she proceeded *pro se.* Judge Doerr presided over the custody action, which ultimately resulted in the termination of Coulter's parental rights to her daughter. . . .
>
> In October 2007, Coulter and Wilder & Mahood executed an agreement for Wilder & Mahood to represent Coulter in the Butler County proceedings. James Mahood represented Coulter through May of 2009. Brian McKinley is also an attorney who was employed by the law firm Wilder & Mahood. As part of the agreement with Wilder & Mahood, the parties contracted to resolve any disputes by binding arbitration before a panel of the Allegheny County Bar Association Special Fee Dispute Committee ("the Committee"). . . .
>
> Coulter, believing that she and Wilder & Mahood had a separate verbal contract capping her fees, notified Wilder & Mahood that she would cease payments. On May 15, 2009, Coulter invoked

_(Footnote Continued)_ ─────────────

> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
>    . . . .
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.
>
> (d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

Pa.R.C.P. No. 233.1(a), (c) and (d).

- 2 -

the arbitration clause in the agreement. Wilder & Mahood withdrew its representation of Coulter. Wilder & Mahood sought a date for the arbitration from the Committee. After the hearing date was set and she was provided with the names of the members of the arbitration panel, Coulter indicated to the Committee that she would not be prepared for the arbitration and that she objected to the composition of the panel. Coulter was provided a ninety-day continuance; however, her objection to the composition of the panel was rejected.

An arbitration hearing was held on May 14, 2010, at which both parties appeared. After hearing the evidence, the arbitration panel awarded Wilder & Mahood approximately $97,000.00, plus interest at the rate of one percent per month as specified in the parties' agreement. . . .

. . . Coulter filed multiple complaints in Allegheny County against persons and entities involved in the Butler County proceedings. Coulter has also filed numerous and duplicative appeals with this Court over the past several years. (*See, e.g., In the Interest of A.C.*, No. 555 WDA 2011, slip op. (Pa. Super. filed Mar. 12, 2012); *Wilder & Mahood, P.C. v. Coulter*, No. 1373 WDA 2010, slip op. (Pa. Super. filed Feb. 22, 2012); *In re Adoption of A.S.C.*, 2011 Pa. Super. Lexis 5472 (Pa. Super. 2011) (unpublished memorandum); *In re Adoption of A.C.*, 23 A.3d 584 (Pa. Super. 2010) (unpublished memorandum); *In re A.C.*, 23 A.3d 576 (Pa. Super. 2010) (unpublished memorandum)). Coulter claims that the termination proceedings in Butler County were unjust, that various persons conspired to deprive her of her rights, and that she is entitled to monetary relief in excess of $250,000,000.00. Coulter has also claimed civil rights violations.

In addition, Coulter initiated multiple actions in the United States District Court for the Western District of Pennsylvania prior to filing this matter in state court. These actions arose out of the same Butler County proceedings. The federal court defendants were sued due to their participation in the proceedings and Coulter's alleged injuries resulting from her dissatisfaction with the results of those proceedings. All of Coulter's federal complaints were dismissed with prejudice by the United States District Court. The United States District Court found Coulter to be a vexatious litigant and prohibited her from filing additional civil actions relating to or arising from the state court

> proceedings involving her criminal conviction and the subsequent termination of her parental rights. ***See, e.g., Coulter v. Ramsden, et al.***, 2012 WL 6592597 (W.D.Pa. 2012).
>
> Cognizant of this history, the trial court dismissed Coulter's complaint pursuant to [Rule] 233.1 after oral argument on February 8, 2013. Argument was not recorded. Coulter filed a petition for reconsideration, which the trial court denied.

***Coulter v. Mahood***, No. 584 WDA 2015, unpublished memorandum at 2-5 (Pa. Super. filed June 20 2014). We affirmed the dismissal.

On February 23, 2015, Coulter filed the instant complaint against Appellees, raising, *inter alia*, claims for civil conspiracy and breach of contract and seeking one hundred million dollars in damages. On March 23, 2015, Appellees filed a motion to dismiss the complaint under Rule 233.1, alleging Coulter had named Appellees as defendants in numerous *pro se* civil actions that Coulter previously filed in the Court of Common Pleas of Allegheny County and the United States District Court for the Western District. Appellees alleged that all of the lawsuits were dismissed. Appellees also alleged that the instant action, like the previous lawsuits, was predicated on Appellees' representation of Coulter in the parental termination proceeding in Butler County. Following a hearing, the trial court granted Appellees' Rule 233.1 motion and dismissed Coulter's complaint. Coulter timely appealed to this Court.

On appeal, Coulter essentially raises a single issue for our review.[2] She argues that the trial court erred in granting Appellees' Rule 233.1 motion to dismiss.

Based on our review of the entire record, we agree with the trial court's application of Rule 233.1, which "was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants," like Coulter. ***Gray v. Buonopane***, 53 A.3d 829, 835 (Pa. Super. 2012) (citation omitted). As the trial court found:

> The complaint alleges that [Coulter] seeks to "recover for the damages suffered by Coulter as the result of the concealment of documents and information related to a civil matter in the Butler County Courts, in which these [Appellees] supposedly represented Coulter," and that said representation was in the fall of 2007. [Appellees] have attached to their motion copies of opinions and orders entered in the previous matters in Allegheny County and the Western District of Pennsylvania which reference "at least a dozen lawsuits filed in the Common Pleas Courts of Butler and Allegheny Counties and the Federal District Court for the Western District of Pennsylvania arising out of the criminal proceedings and parental

---

[2] To the extent Coulter claims that Judge Dudley N. Anderson, who presided in this case below, erred in failing to recuse himself, we reject this claim as waived and otherwise frivolous. Here, not only does Coulter fail to provide any factual support for her allegation that Judge Anderson was complicit in Appellees' alleged forgery of court documents, she also fails to cite any legal authority for her argument that Judge Anderson was required to recuse himself. ***See*** Pa.R.A.P. 2119(a); ***see also Betz v. Erie Ins. Exch.***, 957 A.2d 1244, 1261 (Pa. Super. 2008) (deeming argument waived where litigant fails to cite pertinent authorities in support). Also, insofar as Coulter challenges the constitutionality of Rule 233.1, we deem such challenge waived. Here, Coulter failed to notify the Attorney General of this constitutional challenge. ***Kepple v. Fairman Drilling Co.***, 5615 A.2d 1298, 1303 (Pa. 1992) ("We find that appellant has waived this constitutional argument by failing to notify the Attorney General pursuant to Pa.R.C.P. No. 235 and Pa.R.A.P. 521.").

termination proceedings." It is clear the 2007 matter referenced in [Coulter's] complaint was the parental termination and/or criminal proceedings referenced in the attached court opinions. Further, it is also clear [Appellees] have been the subject of some of the previous suits. Finally, it is clear that these previous matters have been resolved by a court proceeding. Subsection (a) of Rule 233.1 requires dismissal where a *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants and which claims have already been resolved pursuant to a court proceeding.

Further, in an order dated February 8, 2013, entered in the matter of Jean Coulter v. James E. Mahood, *et al.*, at docket numbers 12-24620 and 13-745, the Allegheny County Court of Common Pleas barred [Coulter] "from pursuing additional *pro se* litigation raising the same or related claims." As noted above, the instant claim is the same as, or related to, the claims previously litigated in Allegheny County. Subsection (d) [of Rule 233.1] requires dismissal of action which is filed in violation of such a court order.

Trial Court Order, 4/28/15. Given the fact that Coulter's instant *pro se* action against Appellees was similar to previous *pro se* actions filed against Appellees, we conclude that the trial court did not err in dismissing Coulter's complaint under Rule 233.1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016

- 6 -